IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NEW JERSEY DIVISION OF YOUTH AND FAMILY SERVICES, <br><br> Plaintiff, <br><br> v. <br><br> INESA RIJOVA, et al., <br><br> Defendants. | Civil Action No. 10-3745 (RMB/JS) <br><br> **MEMORANDUM ORDER** |

**BUMB**, UNITED STATES DISTRICT JUDGE:

     This matter comes before the Court upon its own motion. Today, defendants Inesa Rijova and Leonard Antonelli (the "Defendants") filed a Notice of Removal with this Court seeking to remove an action from the Superior Court of New Jersey, Chancery Division, Family Part, Gloucester County.  [Dkt. Ent. 1.]  The underlying complaint, entitled "Verified Complaint for Investigation," which was brought by the New Jersey Division of Youth and Family Services (the "Plaintiff"), alleges that Plaintiff attempted to investigate possible misconduct by Defendants following removal of their one-year-old child from their home, and Defendants have impeded the investigation. (Compl. ¶¶ 7-8 [Def.'s Ex. A].)  The complaint therefore seeks an order directing Defendants "to permit immediate investigation."

(Id. at ¶ 10.)  The Notice of Removal asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 "and/or" § 1332 "because [D]efendants are being denied and cannot enforce the rights under Due Process and Equal Protection Under the Law . . . ."  (Ntc. Rmvl. ¶ 3.)  A brief submitted by Defendants in support of their Notice of Removal states a variety of state- and federal-law counterclaims that Defendants intend to bring against Plaintiff.

    A review of the complaint reveals that this Court has no subject-matter jurisdiction over this action.  Since Plaintiff and Defendants are all citizens of New Jersey, there is not complete diversity of citizenship among the parties.  See Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., 316 F.3d 408, 410 (3d Cir. 2003).  Thus, the Court's jurisdiction cannot be grounded in § 1332.  Id.  Furthermore, the complaint alleges neither a federal cause of action, nor a substantial question of federal law.  See D'Anna v. Novartis Pharm. Corp., No. 08-1119, 2009 WL 1662174, *1-2 (D.N.J. June 15, 2009).  Thus, the Court's jurisdiction cannot be grounded in § 1331.  Id.  Importantly, "for both removal and original jurisdiction, the federal question must appear on the face of the complaint unaided by the answer, counterclaim or petition for removal.  If it does not appear there, 'no statement in the petition for removal . . . can supply that want . . . .'"

McDonough v. Blue Cross of Northeastern Penn., 131 F.R.D. 467, 469-70 (W.D.Pa. 1990) (quoting Tennessee v. Union & Planters' Bank, 152 U.S. 454, 464 (1894)) (other citations omitted). The Court therefore has no subject-matter jurisdiction over this action.

The Court notes that Defendants have also sought removal pursuant to the Civil Rights Removal Statute, 28 U.S.C. § 1443, which provides that an action may be removed if it is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443. The Third Circuit has said,

> We have held that the civil rights removal statute is a narrow exception to the rule that state court actions may be removed to federal district court only if federal jurisdiction is evident on the face of plaintiff's well-pleaded complaint. The Supreme Court has articulated the precise circumstances required to sustain removal under § 1443(1), clarifying that removal requires satisfaction of a two-prong test: a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law "providing for . . . equal civil rights"; and (2) that he is "denied or cannot enforce that right in the courts" of the state. . . . [A] conclusory allegation is insufficient to support removal under § 1443.

TCIF REO CIT, LLC v. Gray, 346 F. App'x 763, 765-66 (3d Cir. 2009) (quoting Georgia v. Rachel, 384 U.S. 780, 788 (1966)). Here, just as in TCIF, Defendants seek removal pursuant to § 1443 based upon nothing more than a conclusory allegation.

Accordingly, because Defendants have not satisfied the foregoing standard, federal jurisdiction cannot be grounded in § 1443.

For these reasons,

**IT IS** on this, the **27th** day of **July** **2010**, hereby

**ORDERED** that this action shall be **REMANDED** to the Superior Court of New Jersey, Chancery Division, Family Part, Gloucester County; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this file.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE